By the Court :
The act in question, by its provisions, is restricted to “any county containing a city of the second grade of the first class.” As Cuyahoga county is the only county in this state that contains such a city, it follows that the act is restricted to that county, and might as well have designated that county by name. Fields v. Com *211 missioners of Highland County, 36 Ohio St., 481. The act is, therefore, local and does not have general operation throughout the state.
The subject-matter of the act is public roads, and that subject-matter is of a general nature, and statutes upon subjects of a general nature must have uniform operation throughout the state. Section 26, article 2 of the constitution. Hixson v. Burson, 54 Ohio St., 470; State ex rel. v. Davisi 55 Ohio St., 15. The act is, therefore, unconstitutional and void.
All of the plaintiffs in error signed the petition to the commissioners asking for the widening and improving of said road ; all of them were present with the viewers when they made the survey, and participated in their action; all presented claims for damages growing out of said improvement, and damages were awarded to all but never paid; and all appeared before the county commissioners and participated in the proceedings for making an assessment on the lands abutting on the road or benefited thereby. Some of the plaintiffs in error assisted in procuring the passage of the special act, some of them appealed to the probate court, and some caused a board of equalization to be appointed, and by reason of all the proceedings thus had, costs accrued to the amount of $1,644.08, and the plaintiffs in error were not only seeking to have the entire act declared unconstitutional, but to prevent an assessment upon the abutting and benefited lands to pay these costs so incurred by' reason of the affirmative action taken by them.
The costs having been incurred upon proceedings invoked by them, and actively participated in by them, they are now estopped from defeating an *212 assessment upon the lands for their payment. Tone v. Columbus, 39 Ohio St., 281.
The court finds that nothing has been expended in grading or improving the road, and as parties áre not estopped from questioning the constitutionality of a special act by them procured to be passed, as to such matters as yet remain to be done in the future under the act, it follows that a perpetual injunction should be granted as prayed for, except as to the $1,648.08 costs already incurred, for the payment of which an assessment on the abutting and benefited lands should be awarded.

] Judgment of the circuit court r&oersed and judgment modified.

Minshall, J., dissents as to the first proposition of the syllabus.